(No. 2638—

ANDREW REHMAN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 13, 1935.*

PAUL G. WEISENHORN, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Claimant seeks an award for Five Hundred Dollars ($500.00) and alleges that on May 30, 1934 there existed a certain State S. B. I. Route No. 96 which extends from the City of Quincy, Ill. to a junction with Route No. 24, commonly known as the "Five Mile Turn"; that said State Highway was then and there owned, controlled, maintained and used by the public; that it extended over a creek approximately one-half mile north of said intersection and was a durable hard-surfaced highway; that contrary to the law in such case made and provided said highway was less than fifteen feet in width; said Statute containing the following provision:

"All hard-surfaced parts of State bond issue routes shall be constructed of sufficient widths to meet the requirements of the reasonably expected traffic thereon, such widths to be not less than eighteen feet."

The complaint further avers that claimant was driving north on said highway and approached said bridge, unaware of the fact that the bridge and roadway over same were not of the width required by law; that at the same time another motor vehicle was being driven south on said highway, the driver thereof being in the exercise of ordinary care, etc; that claimant, in order to avoid a collision with the other car collided with the stone-approach wall and guardrail of said bridge, said collision being due to the narrowness of the roadway; that as a proximate result of the negligence of respondent, claimant's automobile was damaged, resulting in an estimated cost of repairs of Two Hundred Twenty-eight Dollars ($228.00) and claimant was deprived of its use and enjoyment for a long period of time and claimant was bruised and suffered nervous and mental shock and pain and was compelled to lay out and expend medical and hospital fees in the amount of Five Hundred Dollars ($500.00); that he was hindered and prevented from attending to his usual work and was deprived of large earnings that otherwise would have accrued to him, all to a total damage of Five Hundred Dollars ($500.00).

Respondent has filed a motion to dismiss the claim. Claimant in a reply to said motion contends that an award should be allowed on the theory of EQUITY AND GOOD CONSCIENCE and that the motion to dismiss should not be allowed but that claimant should be given a hearing on the merits.

Under the statement contained in the complaint no award could be granted claimant and the motion to dismiss should be allowed. The Attorney General has cited the law applicable thereto:

"In the construction and maintenance of roads the State acts in its governmental capacity,—it is exercising its sovereign powers—and it does not permit these powers to be questioned by any tribunal. It can only act through its officers and employees, and if these officers perform their duties in a negligent manner the negligence is the negligence of the officers and not of the State. These well known principles of law are so thoroughly established that citation of authorities seems unnecessary. In *Kinnare* vs. *City of Chicago*, 171 Ill. 332, the rule is announced in the following language at Page 335: 'The State acts in its sovereign capacity, and does not submit its action to the judgment of courts and is not liable for the torts or negligence of its agents, and a corporation created by the State as a mere agency for the more efficient exercise of governmental functions is likewise exempted from the obligation to respond in damages, as master, for negligent acts of its servants to the same extent as is the State itself, unless such liability is expressly provided by the Statute creating such agency' ".

> *Chumbler* vs. *State of Illinois, Vol.* 6, C. C. R. Page 138.
> *Derby* vs. *State of Illinois,* Vol. 7, C. C. R. Page 145.

The construction placed upon the application of the terms EQUITY AND GOOD CONSCIENCE are fully set forth in the case of *Crabtree* vs. *State* 7 C .C. R. 207. As therein stated—

"Before a claimant can have an award against the State he must show that he comes within the provisions of some law making the State liable to him for the amount claimed. If he cannot point to any law giving him the right to an award he cannot invoke the principle of equity to secure same. Where there is no legal liability, equity cannot create one."

The motion to dismiss the claim is allowed and the claim is dismissed accordingly.